## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------------X
BOARD OF TRUSTEES of the UNITED FOOD AND   :
COMMERCIAL WORKERS LOCAL 174           :
COMMERCIAL PENSION FUND,             :
                              :     No. 2:17-cv-9665
                  Plaintiff,   :
                              :
        - against -         :
                              :
THE STANDARD CASING COMPANY, INC.,      :
STANCASE LLC, JOHN AND JANE DOES 1-10, and  :
XYZ CORPORATIONS 1-10,             :
                              :
                Defendants.   :
----------------------------------------------------------------X

## COMPLAINT

Plaintiff, the Board of Trustees (the "Board") of the United Food and Commercial Workers Local 174 Commercial Pension Fund (the "Fund"), by and through its undersigned counsel, brings this action against Defendants The Standard Casing Company, Inc. ("Standard"), Stancase LLC ("Stancase"), and related individual John and Jane Does 1-10, and related entities XYZ Corporations 1-10, and alleges as follows:

### I.   INTRODUCTION

1.      This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Standard's obligation to contribute to the Fund as of June 1, 2012, and the subsequent mass withdrawal termination of the Fund as of December 31, 2013.

2.      Pursuant to ERISA § 4301 (29 U.S.C. § 1451), the Board, on behalf of the Fund, seeks to recover Standard's reallocation withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs.

## II.    JURISDICTION AND VENUE

3.     This Court has personal jurisdiction over the Defendants because they reside and do business in the State of New Jersey.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Board is a fiduciary of the Fund who seeks relief pursuant to ERISA § 4301 (29 U.S.C. § 1451).

5.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because all Defendants reside and do business in this District.

## III.    PARTIES

6.     The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1) (29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1)), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145).  The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7.     Plaintiff, the Board, brings this action in its capacity as a fiduciary of the Fund pursuant to ERISA §§ 3(21) and 4301(a)(1) (29 U.S.C. §§ 1002(21) and 1451(a)(1)).

8.     Defendant Standard is a for-profit domestic corporation having its principal place of business at 165 Chubb Avenue, Lyndhurst, New Jersey 07071.

9.     Defendant Stancase is a for-profit domestic limited liability company having its principal place of business at 2367 Beryllium Road, Scotch Plains, New Jersey 07076.

10.     Defendants John and Jane Does 1-10 are individuals whose identities are not currently known to the Plaintiff, but who, upon information and belief, were each a trade or business that was under common control with Standard at the time of Standard's withdrawal from the Fund pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

11.     Defendants XYZ Corporations 1-10 are entities whose identities are not currently known to the Plaintiff, but who, upon information and belief, were each a trade or business under common control with Standard at the time of Standard's withdrawal from the Fund pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

IV.   **PARTIES**

12.     The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1) (29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1)), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515 (29 U.S.C. §§ 1002(37) and 1145).   The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

13.     Standard was party to a collective bargaining agreement (the "CBA") with the United Food and Commercial Workers Local 1245 (the "Union"), with respect to which the Fund is a third-party beneficiary.   Pursuant to the CBA, Standard was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

14.     As of June 1, 2012, the Company effected a complete withdrawal from the Fund within the meaning of ERISA § 4203(a) (29 U.S.C. § 1383(a)).

15.     Pursuant to ERISA § 4219(b)(1) and (c)(1) (29 U.S.C. § 1399(b)(1) and (c)(1)), by certified letter dated June 4, 2012, a true and correct copy of which is attached as **Exhibit A**, the Fund notified Standard that its allocated share of the unfunded vested liabilities of the Fund was $47,416, which amount was payable in 20 annual installments of $4,326.67 or 80 quarterly installments of $1,081.67 commencing on or before August 3, 2012.

16.     After having not received the demanded payment, pursuant to ERISA § 4219(c)(2) to (5) (29 U.S.C. § 1399(c)(2) to (5)), by certified letter dated August 24, 2012, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Standard that it was in

3

default of its withdrawal liability, and offered it an opportunity to cure the default within 60 days.

17.     Because Standard failed to cure its default, pursuant to ERISA § 4219(c)(5) and (c)(6) (29 U.S.C. § 1399(c)(5) and (c)(6)), by certified letter dated October 25, 2012, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Standard that it remained in default of its withdrawal liability, and that the Fund had elected to accelerate its withdrawal liability and to assess interest on the total outstanding liability.  The Fund demanded immediate payment of $294,439, which amount included $291,517 in accelerated withdrawal liability and $2,922 in accrued interest.

18.     On March 29, 2013, the Board filed suit against Standard in the United States District Court for the Eastern District of New York, No. 2:13-cv-01695-SJF-ARL, to recover Standard's outstanding withdrawal liability and to seek other appropriate relief.

19.     On December 16, 2013, the Honorable Sandra J. Feuerstein, U.S.D.J., entered a default judgment against Standard awarding the Board $371,239.24, which amount included $291,517 in withdrawal liability, $21,082.84 in prejudgment interest, $58,303.40 in liquidated damages, and $390 in costs (the "Default Judgment").

## <u>COUNT I</u>

### Mass Withdrawal Liability Owed by Standard
### Pursuant to ERISA § 4301(a)(1) (29 U.S.C. § 1451(a)(1))

20.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

21.     As of December 31, 2013, the Fund experienced a mass withdrawal termination within the meaning of ERISA § 4041A(a)(2) (29 U.S.C. § 1341A(a)(2)) and 29 C.F.R. § 4001.2.

22.     As a result of the Fund's termination, all contributing employers and all employers who had effected a withdrawal within the three years preceding termination such as

Standard, ceased to have an obligation to contribute to the Fund within the meaning of ERISA § 4203(a) (29 U.S.C. § 1383(a)), and became obligated to pay initial withdrawal liability, redetermination liability, and reallocation liability in accordance with 29 C.F.R. § 4219.11 to 12.

23.     Pursuant to ERISA § 4219(b)(1) and (c)(1) (29 U.S.C. § 1399(b)(1) and (c)(1)), by certified letter dated May 29, 2014, a true and correct copy of which is attached as **Exhibit D**, the Fund notified Standard that its redetermination liability was calculated to be $291,517, which amount was payable in annual installments of $4,326.67 or quarterly installments of $1,081.67, which amounts were to be paid in perpetuity.

24.     Pursuant to ERISA § 4219(b)(1) and (c)(1) (29 U.S.C. § 1399(b)(1) and (c)(1)), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit E**, the Fund notified Standard that its reallocation liability was calculated to be $245,900, and that the total amount of its outstanding withdrawal liability was calculated to be $570,264, which amount was payable in annual installments of $4,326.67 or quarterly installments of $1,081.67 in perpetuity, with the first payment commencing on or before February 3, 2016.

25.     After having not received the demanded payment, pursuant to ERISA § 4219(c)(2) to (5) (29 U.S.C. § 1399(c)(2) to (5)), by certified letter dated April 12, 2017, a true and correct copy of which is attached as **Exhibit F**, the Fund notified Standard that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within 60 days.

26.     After not having received a response or the demanded payment, pursuant to ERISA § 4219(c)(5) and (c)(6) (29 U.S.C. § 1399(c)(5) and (c)(6)), by certified letter dated June 19, 2017, a true and correct copy of which is attached as **Exhibit G**, the Fund notified Standard that it remained in default of its withdrawal liability obligations, and that the Fund had elected to

accelerate Standard's withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of $597,107.86, which amount included $570,264 in outstanding withdrawal liability and $26,843.86 in accrued interest.

27. More than 60 days have elapsed since Standard's receipt of the notice of default, and it has failed to remit the withdrawal liability assessed by the Fund or to initiate arbitration proceedings pursuant to ERISA § 4221(a) (29 U.S.C. § 1401(a)).

28. Because Standard has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1) (29 U.S.C. § 1401(b)(1)), it is liable to pay the accelerated amount due and owing on the schedule set forth by the Fund in its letter dated June 19, 2017, less the $291,517 in withdrawal liability it was ordered to pay in the Default Judgment.

29. Plaintiff, the Board, demands judgment against Defendant Standard for $278,747 for its allocated share of the unfunded vested liabilities of the Fund, as well as interest, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by Stancase
### Pursuant to ERISA § 4301(a)(1) (29 U.S.C. § 1451(a)(1))

30. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

31. As of December 31, 2013, Michael and Joel Koss each owned a 50% ownership interest in both Standard and Stancase.

32. Standard and Stancase are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)(1)) because they are a group of two corporations in which five or fewer common owners own directly or indirectly a controlling interest of each corporation and therefore have effective control within the meaning of 26 U.S.C. § 1563(d)(2), (e)(5), and (e)(6)(B).

6

33.     As a result, Stancase is jointly and severally liable with Standard for the withdrawal liability resulting from the mass termination of the Fund.

34.     Plaintiff, the Board, demands judgment against Defendant Stancase for $570,264 for Standard's allocated share of the unfunded vested liabilities of the Fund, as well as interest, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

**Controlled Group Liability Owed by John and Jane Does 1-10
Pursuant to ERISA § 4301(a)(1) (29 U.S.C. § 1451(a)(1))**

35.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

36.     Defendants John and Jane Does 1-10, in their personal capacities, are each a trade or business under common control with Standard within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and therefore, constitute a single employer for purposes of withdrawal liability.

37.     As a result, John and Jane Does 1-10 are each jointly and severally liable with Standard for the withdrawal liability resulting from the mass termination of the Fund.

38.     Plaintiff, the Board, demands judgment against Defendants John and Jane Does 1-10 for $570,264 for Standard's allocated share of the unfunded vested liabilities of the Fund, as well as interest, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

**Controlled Group Liability Owed by XYZ Corporations 1-10
Pursuant to ERISA § 4301(a)(1) (29 U.S.C. § 1451(a)(1))**

39.     Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

40.     Defendants XYZ Corporations 1-10 are each a trade or business under common control with Standard within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and therefore, constitute a single employer for purposes of withdrawal liability.

41.     As a result, XYZ Corporations 1-10 are each jointly and severally liable with Standard for the withdrawal liability resulting from the mass termination of the Fund.

42.     Plaintiff, the Board, demands judgment against Defendants XYZ Corporations 1-10 for $570,264 for Standard's allocated share of the unfunded vested liabilities of the Fund, as well as interest, attorneys' fees, and costs, and all other relief that the Court may deem just and appropriate.


Dated:   October 27, 2017                    **PROSKAUER ROSE LLP**
         Newark, New Jersey

                                             By:      */s/ Neil V. Shah*
                                                      Neil V. Shah

                                             One Newark Center
                                             1085 Raymond Boulevard
                                             Newark, New Jersey 07102
                                             (973) 274-3205
                                             nshah@proskauer.com

                                             *Counsel for the Plaintiff*


8

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding.

Dated:   October 27, 2017         **PROSKAUER ROSE LLP**
         Newark, New Jersey

                                  By:    */s/ **Neil V. Shah***
                                         _____
                                              Neil V. Shah
                                  One Newark Center
                                  1085 Raymond Boulevard
                                  Newark, New Jersey 07102
                                  (973) 274-3205
                                  nshah@proskauer.com

                                  *Counsel for the Plaintiff*

9

## <u>LOCAL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration because Plaintiff seeks damages in excess of $150,000 exclusive of interest, costs, and any claim for punitive damages.

Dated:   October 27, 2017               **PROSKAUER ROSE LLP**
          Newark, New Jersey

                                    By:      */s/ **Neil V. Shah***
                                             Neil V. Shah

                                    One Newark Center
                                    1085 Raymond Boulevard
                                    Newark, New Jersey 07102
                                    (973) 274-3205
                                    nshah@proskauer.com

                                    *Counsel for the Plaintiff*